FILED
SUPERIOR COURT
OF GUAM

2025 JAN 30 PM 4:47

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| IN THE MATTER OF: | **Special Proceedings Case No. SP0107-24** |
| NORMAN ANALISTA, | |
| Petitioner, | **DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR JUDICIAL REVIEW** |
| vs. | |
| UNIVERSITY OF GUAM BOARD OF REGENTS AD HOC GRIEVANCE COMMITTEE, | |
| Respondent, | |
| and | |
| ANITA BORJA ENRIQUEZ, | |
| Real Party in Interest. | |

Respondent, the University of Guam Board of Regents Ad Hoc Grievance Committee

("the Grievance Committee") seeks dismissal of Petitioner Norman Analista's claims that the

Grievance Committee failed to adhere to its procedures in adjudicating his employment

grievance. They also seek dismissal on jurisdictional grounds. Upon reviewing the submission,

and relevant laws, rules, and case law, the Court finds that the Court has jurisdiction over

Analista's claims, however, the Court may not mandate the Grievance Committee to hold a

hearing on Analista's employment grievances. Accordingly, the Court GRANTS the Grievance

Committee's Motion to Dismiss.

## I.    FACTUAL BACKGROUND

The following facts derive from the portions of the administrative record as pled by

ORIGINAL

Analista and as submitted by the parties.

UOG employed Analista as Director, Development, Alumni Affairs, and Foundation Relations, a non-classified, administrative position. Enriquez, UOG's President, sent Analista a termination letter on March 14, 2024. On April 8, 2024, Analista filed a grievance against Enriquez alleging wrongful termination without due process, constructive discharge, gender discrimination, character assassination and slander, violation of Board of Regents Resolution No. 22-24, and that Enriquez lacked the qualities and characteristics required of the president of UOG.

UOG compiled an Ad Hoc Grievance Committee to handle the six claims, pursuant to Article IV(E) of the UOG's Rules, Regulations and Procedures Manual. Am. Pet. Jud. Review at 2 (Aug. 16, 2024). The Grievance Committee issued a scheduling order to hear Analista's claims. *Id.* at 5. On July 11, 2024, the Grievance Committee issued its Decision and Order dismissing Analisa's claims of wrongful termination without due process, constructive discharge, and violation of Board of Regents (BOR) Resolution No. 22-24 under the basis of untimeliness. V. Resp. at 5-6 (Aug. 30, 2024). It also transferred the claim of discrimination and a subsequent claim of retaliation to UOG's Equal Employment Opportunity/Americans with Disabilities Act Office.[1]

On September 18, 2024, the Grievance Committee issued their Findings and Recommendations denying Analista's grievance. Resp'ts' Mot. Dismiss at 2 (Oct. 4, 2024). On September 26, 2024, the Board of Regents passed Resolution No. 24-25 Approving and Adopting the Grievance Committee's Findings and Recommendations for Norman Analista's

---

[1] Following the EEOC's issuance of a right-to-sue letter, Analista has filed an action against the Board and Enriquez in federal court. First Supp. Respondent's Mot. Dismiss (Dec. 19, 2024).

ORIGINAL

Grievance Filed on April 8, 2024.[2] *Id.* at 3, Ex. C.

Analista filed the present Petition for Judicial Review regarding the dismissal of the claims for wrongful termination, constructive discharge, and violation of BOR Resolution No. 22-24. He argues that the Grievance Committee failed to abide by its rules by not holding a hearing. Pet'r's Opp'n to Mot. Dismiss at 5 (Nov. 4, 2024). In Analista's Petition he requests a writ of review commanding the Grievance Committee to produce the record of the grievance proceedings for the Court to review; a court order vacating the July 11, 2024 Decision and Order dismissing the claims or alternatively an order to command the Grievance Committee to show cause why it should not take such action; a declaration by the Court that the July 11, 2024 Decision and Order is null and void; and an order that the Grievance Committee hold a hearing on these claims. Am. Pet. Jud. Review at 5-6. In the present Motion to Dismiss, the Grievance Committee argues that the Court lacks subject matter jurisdiction because Analista improperly filed a writ of review instead of a writ of mandamus and that sovereign immunity is implicated. Resp'ts' Mot. Dismiss at 4-8.

## II.    <u>LAW AND ANALYSIS</u>

The Grievance Committee moves to dismiss Analista's Petition under Guam Rule of Civil Procedure Rule 12(b)(1)[3] for a lack of subject matter jurisdiction. In filing this motion to

---

[2] In this Resolution, the Board of Regents approved the Grievance Committee's recommendation to deny Analista's claim for character assassination and slander and claim for deficiencies in qualities and characteristics required for the President of UOG. Those claims are not part of the relief sought here, which is limited to the July 11, 2024 Decision and Order which addressed the claims of wrongful termination, constructive discharge, and violation of BOR Resolution No. 22-24. *See* Am. Pet. Jud. Review at 5-6.

[3] The Grievance Committee does not cite the authority for the Court to consider dismissal on jurisdictional and legal grounds. Thus, the Court applies the general federal standard that a motion seeking dismissal on jurisdictional bases (that is, under Guam Rule of Civil Procedure

ORIGINAL

dismiss, the Grievance Committee argues that Analista's petition contains procedural defects

which warrant the Petition being dismissed.   Specifically, the Grievance Committee argues that

Analista filed a writ of review instead of a writ of mandate and that there is no waiver of

sovereign immunity.  Analista argues that there are no procedural issues and there is sufficient

writ jurisdiction because UOG failed to carry out a ministerial, not discretional, duty.

## A. Writ of Review versus Writ of Mandate

The Court starts this analysis by examining alleged procedural defects in Analista's

Petition.  In particular, the Grievance Committee complains Analista filed a petition for the

wrong type of writ.

A writ of review action concerns the decisions of an "inferior tribunal, board, or officer,

exercising judicial functions, [that] has exceeded the jurisdiction of such tribunal, board, or

officer, and there is no appeal, nor in the judgment of the court, any plain, speedy, and adequate

remedy." 7 GCA § 31102.  In contrast, a writ of mandate action may compel any inferior

tribunal, corporation, board, or person to "perform[] an act which the law specifically enjoins, as

a duty resulting from an office, trust, or station; or to compel the admission of a party to the use

and enjoyment of a right or office to which he is entitled, and from which he is unlawfully

precluded by such inferior tribunal, corporation, board, or person." 7 GCA § 31202.  Essentially,

a writ of review is used to review decisions, whereas a writ of mandate is used to compel action.

Analista argues that actions labeled as petitions for judicial review may be treated as

petitions for writ of mandate, and that the relief requested rather than the title of the writ is

determinative.  Pet'r's Opp'n to Mot. Dismiss at 2.  The Court agrees.  Guam law allows that

---

12(b)(1)) should be granted it if appears certain that the plaintiff cannot prove any set of facts
entitling him to relief. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

ORIGINAL

"the writ of mandamus may be de-nominated a writ of review." 7 GCA § 31201. The Guam Supreme Court has also stated that "the court is not constrained by the formal denomination of a writ in determining what procedures and remedies to actually invoke but rather is guided by the contents of the petition and the particular relief sought." *DCK Pacific v. Morrison*, 2010 Guam 16 ¶ 17. In other words, titles for writs of mandate and writs of review are interchangeable. However, while writs of mandate can compel a ministerial act, they cannot compel the exercise of discretion in a particular matter. *Id.* ¶ 18. The Court follows the Guam Supreme Court's holding and agrees that the denomination of the writ is not determinative. Here, Analista is requesting the Court compel action through ordering the Grievance Committee to produce its records, vacate its decisions, and hold a hearing on his claims. Given that the relief requested is to compel action, rather than review a decision, the Court considers Analista's petition as seeking a writ of mandate.

## B. Sovereign Immunity

The Court next considers the Grievance Committee's argument that sovereign immunity divests the Court of jurisdiction. The Grievance Committee contends that sovereign immunity is implicated because UOG falls under the purview of the Government of Guam. Resp'ts' Mot. Dismiss at 4. It claims that sovereign immunity can only be waived if the ones filing suit are employees under the merit system or if they are employees under contract pursuing remedies through the Government Claims Act, neither of which applies to Analista. *Id.* at 5. Analista, however, argues that sovereign immunity is not implicated because the remedy sought is injunctive relief and not damages. Pet'r's Opp'n to Mot. Dismiss at 3.

The Guam Supreme Court in *Guam Federation of Teachers ex. rel. Rector v. Perez* (*GFT*) held that "Guam's statutory writ of mandate does not invade sovereign immunity because


ORIGINAL

the writ generally lies to compel the performance of a legal, mandatory duty imposed on a Government of Guam official and, therefore, is not considered a suit against the Government of Guam." 2005 Guam 25 ¶ 24. *GFT* also discusses how sovereign immunity is not implicated when granting injunctive relief because it does not impact the public treasury. *Id.* ¶ 21. Here, Analista is requesting relief related to the conduct of the Grievance Committee, rather than relief that involves monetary damages. Given that Analista is requesting injunctive relief, and this relief does not impact the public treasury, the Court determines that sovereign immunity does not bar this petition.

## C. Legal Duty

Having found no procedural barriers to bringing this petition, the Court turns to Analista's claims that the Grievance Committee failed to abide by its procedures when it did not hold a hearing on the claims of wrongful termination, constructive discharge, and violation of BOR Resolution No. 22-24. Again, mandamus will not issue to compel performance unless one has a clear, present, and usually ministerial duty to perform an act. *Bank of Guam v. Reidy,* 2001 Guam 14 ¶ 14. Because mandamus cannot compel the exercise of discretion, unless the failure to exercise discretion is so fraudulent, arbitrary, or palpably reasonable, it must be shown that the Grievance Committee possessed a legal duty to hold a hearing. *Sorensen Television Syss., Inc. v. Super. Ct. of Guam,* 2006 Guam 21¶ 13.

The Court starts with the alleged source of the legal duty. Analista's Petition details that the Grievance Committee was appointed pursuant to Article IV(E) of the UOG's Rules,[4]

---

[4] Guam law has defined "rule" in the Administrative Adjudication Law as:
  any rule, regulation, standard, classification, procedure or requirement of any
  agency designed to have or having the effect of law or interpreting,
  supplementing or implementing any law enforced or administered by it, including

Regulations and Procedures Manual (RRPM) which he attached to his Petition. Am. Pet. Jud. Review, Ex. 2. Article IV, Section E, outlines the grievance procedures for non-classified employees, which applies to Analista. Rule 4 therein explains the various forms of grievances and states that "grievances against the President shall be filed with the Board of Regents who shall consider the grievance through an ad hoc procedure." *Id.* at 2. Rule 5 outlines grievance levels and lays out procedural requirements, including a hearing, however, this rule does not apply to grievances against the President. *Id.* Therefore, the only procedural detail provided for grievances against the President is what is stated in Rule 4, that is, that such review is conducted through an ad hoc procedure.[5] Analista himself recognizes this ad hoc process in his Amended Petition for Judicial Review when alleging that "nothing in the UOG RRPM outlines the procedures for appearing before and litigating in front of an ad hoc Grievance Committee." Am. Pet. Jud. Review at 5.

The absence of details on the procedure of ad hoc committees such as the Grievance Committee means that the RRPM prescribes no procedural requirements for the Grievance Committee. Analista, however, asks the Court to impart such duties through two pieces of correspondence he received. First, he points to correspondence to Regents selected for the Grievance Committee titled "Appointment to *ad hoc* Committee to make findings and

---

any regulation under which the agency makes charges for services it provides, or to govern its organization or procedure, but does not include regulations, resolution or directions relating solely to internal policy, internal agency organization or internal procedures which do not directly affect the rights of or procedures available to the public and does not include administrative adjudication.

5 GCA § 9107.

[5] The RRPM does not define "ad hoc." Black's Law Dictionary equates "ad hoc committee" to a "special committee: a committee established for a particular purpose or a limited time." Black's Law Dictionary (12th ed. 2024).

ORIGINAL

recommendations concerning Norman Analista's Grievance filed on April 8, 2024." Resp'ts' Mot. Dismiss, Ex. D. This correspondence states that appointment to the Grievance Committee is governed by Article IV 6.1 of the BOR Bylaws, however, there is no mention of a required hearing, and no party has introduced this part of the Bylaws to demonstrate a hearing was mandated by rule. Given the absence of information about a hearing in these materials, the Court finds that neither this correspondence or the Bylaws not support Analista's argument that there is a rule requiring a hearing on grievance claims.

Second, he points to an email titled "Scheduling Order for Norman Analista's Grievance filed on April 8, 2024." Resp'ts' Mot. Dismiss, Ex. E. This email provides filing deadlines for the respondent's answer, grievant's reply, and hearing materials, as well as dates for a pre-hearing conference and a hearing date. Analista appears to argue that a scheduling order set by the Grievance Committee holds the same weight as a rule enshrined in the RRPM and as such is a "procedure designed to have or having the effect of law." Pet'r's Opp'n to Mot. Dismiss at 5. The Court disagrees. Scheduling orders have binding effects on deadlines, unless amended, however the Grievance Committee still retained discretion in controlling the procedure for review. The Court is not convinced that a scheduling order amounts to a rule by the Grievance Committee to create a procedure designed to have the effect of law.

Accordingly, none of the support referenced by Analista sufficiently establishes that there was a rule requiring the Grievance Committee to hold a hearing on his claims. Because there is no legal duty to hold a hearing, the Grievance Committee's decision to hold one was discretionary. As such, the Court does not have writ jurisdiction to compel this discretionary act.

## III.    <u>CONCLUSION AND ORDER</u>

The Court finds that there is no rule requiring a hearing by the Grievance Committee on

ORIGINAL

Analista's grievance claims. As such, the Court does not have writ jurisdiction to provide

Analista with his requested relief for a hearing, and on that basis, finds it unnecessary to address

other relief in the Amended Petition for Judicial Review. The Grievance Committee's Motion to

Dismiss is therefore GRANTED.

**SO ORDERED, 30 January 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Minakshi V. Hemlani, Esq., Law Offices of Minakshi V. Hemlani, P.C., for Petitioner Normal
    Analista
Anthony R. Camacho, Esq., University of Guam, for Respondents The University of Guam
    Board of Regents Ad Hoc Grievance Committee

